## Case No. 15,839.

### UNITED STATES v. MURPHY.

[Hoff. Land Cas. 77.] [1]

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANT.

No objection urged to the confirmation of this claim.

Claim for three leagues of land in Santa Clara county, confirmed by the board, and appealed by the United States.

[This was a claim by Bernard Murphy for Las Uvas, granted June 14, 1842, by Juan B. Alvarado to Lorenzo Pineda; claim filed January 22, 1852; confirmed by the board September 19, 1854,—containing 11,079.93 acres.]

S. W. Inge, U. S. Atty.

Thornton & Williams, for appellee.

HOFFMAN, District Judge. This case has been submitted without argument on the part of the appellants; nor has any reason for reversing the decree of the board been suggested to us. On looking over the record, it appears that the genuineness of the original grant was fully established, and indeed does not seem to be controverted now. The evidence discloses a substantial compliance with the conditions of the grant, and the boundaries of the land are distinctly indicated by natural objects. The land thus bounded has been found, on a survey, to contain less than the quantity called for in the grant. We are unable to discover any reason for refusing to confirm the decree of the commissioners. A decree to that effect must therefore be entered.

## Case No. 15,840.

### UNITED STATES v. MURPHY.

[Hoff. Land Cas. 81.] [1]

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANT—RESIDENCE.

The validity of this claim fully established.

Claim for one league of land in Santa Clara county, confirmed by the board, and appealed by the United States.

[This was a claim by Bernard Murphy for the rancho La Polka, granted January 19, 1833, by José Figueroa to Ysabel Ortega; claim filed February 17, 1852; confirmed by the commission August 15, 1854,—containing 4,166.78 acres.]

S. W. Inge, U. S. Atty.

Thornton & Williams, for appellee.

HOFFMAN, District Judge. It is unnecessary in this case to recapitulate the facts, which are fully stated in the opinion of the board of commissioners. The genuineness of the grant, and the residence of the grantee and his children on the land for more than twenty years, are fully established. The only difficulty in the case is obviated by the form of decree entered by the board, and which it is now prayed may be affirmed by this court. No objections having been raised on the part of the appellants, and none having been discovered by us, a decree as prayed for must be entered.

## Case No. 15,841.

### UNITED STATES v. MURPHY.

[Hoff. Land Cas. 154.] [1]

District Court, N. D. California. June Term, 1856.[2]

MEXICAN LAND GRANT—SUTTER GENERAL TITLE.

The validity of claims under the Sutter general title affirmed in Hensley's Case [unreported].

Claim for four leagues of land in Sacramento county, confirmed by the board, and appealed by the United States.

[This was a claim by James Murphy for the rancho Casadores, granted December 22, 1844, by Manuel Micheltorena to Ernest Rufus. Claim filed August 14, 1852. Confirmed by the commission July 17, 1855.]

William Blanding, U. S. Atty.

Thornton & Williams, for appellee.

BY THE COURT. The claim of the appellee in this case is founded on the general title issued by Micheltorena in 1844, the validity of which has already been affirmed by this court in the case of U. S. v. Hensley [unreported]. The testimony of Gen. Sutter shows the original grantee, Ernest Rufus, to have been one of those in whose favor the general title issued. It also appears that the conditions of occupation and cultivation were fully complied with, and the diseño which accompanies the petition indicates the tract granted with clearness and precision. The claim was confirmed by the board, and the case has been submitted without argument or objection on the part of the United States. The decision of the board must therefore be affirmed, and a decree of confirmation entered.

[The case taken by the United States, on an appeal, to the supreme court, where the decree of this court was reversed, and the cause remanded, directing this court to dismiss the petition. 23 How. (64 U. S.) 476.]

---

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

[2] [Reversed in 23 How. (64 U. S.) 476.]